■ CAROLE J. BROWN, an Infant, by Her Parent and Natural Guardian, ROBERT F. BROWN, et al., Appellants, v. EDWARD F. WAGNER, Respondent.— In a negligence action to recover damages for personal injuries, medical expenses, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered May 28, 1971 in favor of defendant, upon the trial court's dismissal of the complaint at the close of the case at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. In our opinion there were questions of fact for the jury to determine (see Belcher v. Kesten, 30 N Y 2d 744, revg. 36 A D 2d 736). Martuscello, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■ PATRICK J. CORR, Respondent, v. OTTAWAY NEWSPAPERS RADIO INC., et al., Appellants.— In an action to recover damages for libel, defendants appeal from an order of the Supreme Court, Orange County, dated March 29, 1972, which directed a judgment of said court, entered February 18, 1972, to be amended so as to reduce the taxed costs and disbursements granted to defendants against plaintiff from $432.50 to $150. Order modified, on the law and the facts, by increasing the amount of $150 in the decretal paragraph thereof to $417.50 and adding thereto the following: "consisting of $150 costs and $267.50 disbursements". As so modified, order affirmed, without costs. CPLR 8301 (subd. [a]) permits a party to whom costs are awarded in an action to tax his necessary disbursements, to the extent specified and enumerated in that statute. Among the items permitted thereby to be taxed are the reasonable expense of taking and making two transcripts of testimony on an examination before trial, not exceeding $250 in any one action (par. [9]), the Sheriff's fee ($2.50 [CPLR 8011, subd. [b], par. 1) for receiving an execution (CPLR 8301, subd. [a], par. 8) and the legal fees of officers for serving subpoenas on witnesses (see CPLR 8301, subd. [a], pars. 1, 12). Defendants established that they spent in excess of $250 in stenographers' fees and spent $2.50 for a Sheriff's fee, $3 for an index number, $3 for entering and docketing the judgment and $24 for serving subpoenas. The $3 fee claimed for an index number was not disputed by plaintiff and, where such fee has been allowed (CPLR 8301, subd. [a], par. 12), the fee for entering and docketing a judgment is not allowable (see CPLR 8018, subd. [d], par. 1). Of the $24 spent for serving subpoenas, $12 was spent for the service of subpoenas on three witnesses at a cost of $4 each (CPLR 8011, subd. [c], par. 1). The remaining $12 taxed for the service of subpoenas is not adequately explained in the record and hence no reimbursement of said amount may be allowed. Munder, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.